790 So.2d 248 (2001)
Shirley Ricks FREEMAN et al.
v.
DuPONT PHARMACEUTICALS COMPANY.
1990295.
Supreme Court of Alabama.
January 12, 2001.
Steven P. Gregory, Tuscaloosa; Hilda Trapp Smith of Hilda Trapp Smith & Associates, Florence; and J. Michael Rediker of Ritchie & Rediker, L.L.C., Birmingham, for appellants.
George G. Lynn of Maynard, Cooper & Gale, P.C., Birmingham; Lindsey M. Davis of Holt, Mussleman & Holt, Florence; and George D. Ruttinger, Jeane A. Thomas, and Bennett J. Matelson of Crowell & Moring, L.L.P., Washington, D.C., for appellee.
PER CURIAM.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R.App.P.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, and BROWN, JJ., concur.
JOHNSTONE and ENGLAND, JJ., dissent.
JOHNSTONE, Justice (dissenting).
I respectfully dissent. See my dissent in Abbott Laboratories v. Durrett, 746 So.2d 316, 347 (Ala.1999) (Johnstone, J., dissenting). I also join Justice England's dissent.
ENGLAND, Justice (dissenting).
Shirley Ricks Freeman and three other plaintiffs who claim to be users or purchasers of the prescription drug Coumadin, filed a class action against DuPont Pharmaceuticals Company, pursuant to Alabama's antitrust statutes, Ala.Code 1975, § 8-10-2 and § 6-5-60. Their complaint alleged that DuPont had unlawfully sought to maintain a monopoly power in the Alabama market for anticoagulant drugs. The trial court entered a summary judgment for DuPont, based upon this Court's opinions in Abbott Laboratories v. Durrett, 746 So.2d 316 (Ala.1999), and Archer Daniels Midland Co. v. Seven Up Bottling Co. of Jasper, Inc., 746 So.2d 966 (Ala.1999). In those cases the Court held that the Alabama antitrust laws, including the two statutes invoked by these plaintiffs' complaint, did not "provide a cause of action for damages allegedly resulting from an agreement to control the price of goods shipped in interstate commerce." Abbott Laboratories, 746 So.2d at 339.
The trial judge, in entering the summary judgment, cut off discovery, holding that "allowing Plaintiff to take additional discovery could not lead to discovery of evidence that would create a genuine issue as to any material fact." His order reads as follows:
"This matter having come before this Court on the Motion of Defendant DuPont Pharmaceuticals Company (formerly the DuPont Merck Pharmaceuticals Company) (`DuPont') for Summary Judgment pursuant to Rule 56, [Ala. R.Civ.P.,] and
"The court having considered the briefs of the parties in support of and in opposition to DuPont's motion, including supporting documents and affidavits, and the Rule 56(f) Affidavit submitted by Plaintiff Andrew D. Baugus; and

*249 "The court having heard oral argument by counsel for the parties on September 23, 1999; and
"The Plaintiffs having alleged that they suffered injuries as a result of DuPont's monopolization or attempt to monopolize the market for the prescription drug warfarin sodium (brand name Coumadin) and/or coagulants in the United States, allegedly in violation of the Alabama antitrust statutes, Ala.Code § 6-5-60 and § 8-10-1 et seq.; and
"It appearing that there is no genuine dispute as to any material fact and, in particular, that there is no dispute that the product at issue, the prescription drug Coumadin, is manufactured outside the state of Alabama and is shipped through interstate commerce into Alabama from outside the state; and
"The Supreme Court of Alabama having held in Abbott Laboratories v. Durrett, 746 So.2d 316 (Ala.1999), and Archer Daniels Midland Co. v. Seven Up Bottling Co. of Jasper, Inc., 746 So.2d 966 (Ala.1999), that the Alabama antitrust statutes do not provide a cause of action for injury allegedly resulting from alleged actions to control the price of goods shipped in interstate commerce; and
"It appearing that allowing Plaintiffs to take additional discovery could not lead to discovery of evidence that would create a genuine issue as to any material fact;
"It is therefore ORDERED AND DECREED that Defendant's Motion for Summary Judgment is hereby GRANTED; and
"That Defendant's Motion for Protective Order and Plaintiff's Motion to Compel are hereby DENIED as moot....
". . . .
"Done and Ordered this the 27th day of September, 1999.
 "/s/ N. Michael Suttle"
Coumadin is the brand name for DuPont's formulation of warfarin sodium, an anticoagulant drug that is prescribed for the prevention of blood clots that can lead to life-threatening conditions such as stroke and pulmonary embolism. In March 1997, Barr Laboratories received approval from the federal Food and Drug Administration to manufacture and sell a generic version of warfarin sodium. The plaintiffs' complaint alleges that DuPont violated Alabama's antitrust laws by making public statements questioning the viability of Barr's generic warfarin sodium and taking actions to ensure that Coumadin is more available through wholesale drug companies than its generic equivalent.
In Abbott Laboratories and its companion case, Archer Daniels Midland, this Court gave its analysis of the history of Alabama's antitrust statutes. Based on that analysis, the Court concluded that the Legislature had intended to restrict the reach of Alabama's antitrust laws to commerce originating within the geographic boundaries of this State and to leave the regulation of interstate commerce to the United States Congress. Because the allegation here is that DuPont unlawfully controlled the price of Coumadin, a product that is indisputably "shipped in interstate commerce," the trial court concluded that the defendant was entitled to a summary judgment. The plaintiffs argue that Abbott Laboratories and Archer Daniels Midland are distinguishable because in those cases the plaintiffs did not allege that any of the alleged anticompetitive conduct took place within Alabama.
This Court stated in Abbott Laboratories and Archer Daniels Midland:

*250 "We hold only that the field of operation of Alabama's antitrust statutes, specifically § 6-5-60, is no greater today than it was when the laws were first enacted. Thus, these statutes regulate monopolistic activities that occur `within this state'within the geographic boundaries of this stateeven if such activities fall within the scope of the Commerce Clause of the Constitution of the United States."
Abbott Laboratories, 746 So.2d at 339; Archer Daniels Midland, 746 So.2d at 989-90.
The anticompetitive undertakings of DuPont Pharmaceuticals alleged in the present case were sufficiently confined within the boundaries of this State to place this case outside the ambit of the holdings in Abbott Laboratories and Archer Daniels Midland and to allow a cause of action for damage alleged to have resulted from a conspiracy to control the price of a brand-name drug, Coumadin, that was directed toward the "intrastate" market of Alabama. See Abbott Laboratories, 746 So.2d at 340 (Cook, J., dissenting) and at 347 (Johnstone, J., dissenting).
The plaintiffs allege that the defendant conducted an orchestrated campaign to induce or mislead Alabama patients and Alabama medical-care providers, including physicians and pharmacists, into avoiding generic warfarin sodium in favor of DuPont's Coumadin product. Documents in the record demonstrate that these anticompetitive activities were directly conducted within the borders of Alabama: (1) DuPont made presentations in Alabama, to medical-care providers, medical associations, and pharmaceutical associations, stating that only Coumadin should be prescribed, because warfarin sodium is a Narrow Therapeutic Index ("NTI") drug (NTI drugs are used for treating severe, lifethreatening diseases and are those for which the therapeutic range of blood-serum level is so narrow that too small a dose will be ineffective, while too large a dose can be dangerous); (2) DuPont made "Dispense as Written" initiatives to promote dispensing of Coumadin rather than generic warfarin sodium (claiming that generic warfarin sodium has more risk than Coumadin); (3) DuPont entered wholesaler-inventory-management agreements by which DuPont paid a fee in exchange for the wholesaler's maintaining a certain inventory of Coumadin, to the detriment of the generic equivalent; and (4) DuPont used trend and sales analyses to target entities and practitioners for DuPont's NTI message. The documents that have been produced demonstrate that DuPont's Southern Business Unit committed acts within the State of Alabama in furtherance of an objective of preventing competition between Coumadin and its generic equivalent, warfarin sodium. These documents created a genuine issue of material fact, making a summary judgment inappropriate in this case. Rule 56, Ala.R.Civ.P.
The plaintiffs' discovery was limited just when it could have led to evidence that DuPont had restrained trade through the increased dissemination of misinformation in Alabama regarding Coumadin's generic equivalent. Evidence in the record indicates that DuPont's calculated conduct in Alabama restrained trade and frustrated the competitive warfarin sodium market in this State. DuPont unilaterally denied the plaintiffs access to the document depository for months. It is settled law that where a motion to compel discovery is pending and the motion makes it clear that the discovery sought is crucial to the nonmoving party's case, it is error to enter a summary judgment before discovery materials have been made available to the nonmoving party. Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769, 771 (Ala.1994), *251 citing Reeves v. Porter, 521 So.2d 963 (Ala. 1988).
I conclude that the trial judge abused his discretion in limiting discovery. The judgment of the trial court should be reversed, and this case should be remanded for further proceedings.
JOHNSTONE, J., concurs.